## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE: }<br>}<br>James Barrow Moore }<br>Robin Moore }<br>}<br>Debtor } | CASE NO. 05-30319<br>Chapter 7 |

### REAFFIRMATION AGREEMENT

WHEREAS, James B. Moore and Robin Moore are indebted to LAMAR NATIONAL BANK, Paris, Texas in the following amounts:

1) Note No. 763235 dated September 16, 200 executed by James B. Moore and Robin Moore in the original principal sum of $22,542.89 secured upon a 2004 Dodge Neon 4 DR VIN 1B3ES26C94D564324; 1985 Chev Surburban VIN 1G8EC16L5FF192245; 1996 Voyager Boat #VOY10428J596 w/ 1996 Honda Motor #BLAF1006964; Spa Equipment.

WHEREAS, Debtor remained indebted to Bank at the time their petition in bankruptcy was filed;

NOW, THEREFORE, it is mutually agreed as follows:

1. Debtor does hereby unconditionally promise to pay the Bank the remaining balance due and owing on the above referenced Note in accordance with the respective terms or in accordance with any renewal of the Note which is mutually agreed to by the parties.

2. It is expressly understood and agreed that the Bank shall retain its security interest in the property described in the Note(s) and Deed of Trust or other security instrument, referenced above, a true and correct copy of which is attached hereto as Exhibit "A" and made a part hereof for all purposes, and the Note shall remain in effect subject only to modifications, if any, made in this Reaffirmation Agreement.

3. Debtor hereby agrees to execute any and all documents which the Bank shall deem necessary in order to effectuate the terms of this Reaffirmation Agreement.

4. Debtor and Bank hereby acknowledge and understand that this Reaffirmation Agreement will become enforceable unless rescinded by the Debtor at any time prior to discharge, or within sixty (60) days after this Agreement is filed with the Court, whichever is later, by giving notice to the Bank as provided in paragraph 5 of this Agreement.

5. DEBTOR UNDERSTANDS AND ACKNOWLEDGES THAT HE MAY RESCIND THIS REAFFIRMATION AGREEMENT AT ANY TIME PRIOR TO THE GRANTING OF HIS DISCHARGE OR WITHIN 60 DAYS AFTER THIS AGREEMENT IS FILED WITH THE COURT, WHICHEVER IS LATER, BY GIVING WRITTEN NOTICE TO LAMAR NATIONAL BANK, PARIS, TEXAS, P. O. 1097, PARIS, TX 75461, BY FIRST CLASS MAIL, POSTAGE PREPAID, BEFORE THE EXPIRATION OF THE ABOVE-STATED PERIODS.

6. Debtor understands and acknowledges that if he defaults with respect to this obligation under this Agreement or the above-referenced Notes, the Bank will have the right to proceed immediately to enforce its rights under the Note and this Agreement, including, without limitation, any appropriate legal action.

DATED this 7 day of November [Dec], 2005.

_____    _____
JAMES B. MOORE - Debtor            ROBIN MOORE - Debtor

LAMAR NATIONAL BANK, Paris, Texas

BY: _____

### DECLARATION OF ATTORNEY

I, DAVID HAMILTON, Attorney, declare under penalty of perjury:

1. That I represented the Debtor during the course of negotiating the foregoing Reaffirmation Agreement.
2. That to the best of my knowledge, information and belief, the agreement represents fully a fully informed and voluntary agreement by the Debtor.
3. That after due inquiry, and to the best of my knowledge, information and belief, the said agreement does not impose an undue hardship on the Debtor or a dependent of the Debtor.
4. That I have fully advised the Debtor of the legal effects and consequences of the agreement and the legal effects and consequences of any default under such agreement.

EXECUTED this 7 day of November [December], 2005.

_____
DAVID HAMILTON, Attorney for Debtor

**Note, Disclosure, and Security Agreement**

| Lender | Borrower | | |
|---|---|---|---|
| LAMAR NATIONAL BANK<br>200 S. COLLEGIATE DR.<br>P.O. BOX 1097<br>PARIS, TX 75460 | JAMES MOORE; ROBIN MOORE<br>735 CR 36400<br>ARTHUR CITY, TX 75411<br><br>☐ Refer to the attached addendum for additional Borrowers and their signatures. | LO/SECR   MRR/DCH<br>Loan Number 763235<br>Loan Date 09-16-2005<br>Maturity Date 03-31-2009<br>Loan Amount 22,542.89<br>Renewal of 760115,753685,752990<br>LOC/INC   010/02 | |

### Truth-in-Lending Disclosures

| Annual Percentage Rate<br>The cost of my credit as a yearly rate.<br>**10.900%** | Finance Charge<br>The dollar amount the credit will cost me.<br>**$ 4,789.03** | Amount Financed<br>The amount of credit provided to me or on my behalf.<br>**$ 22,542.89** | Total of Payments<br>The amount I will have paid when I have made all scheduled payments.<br>**$ 27,331.92** |
|---|---|---|---|

My Payment Schedule Will Be:     "e" means an estimate.

| Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 42 | $ 650.76 | MONTHLY BEGINNING 10-31-2005 |
| | $ | |
| | $ | |
| | $ | |

**Prepayment.** If I pay off this note early, I will not have to pay a penalty.
☐ If I pay off this note early, I will not be entitled to a refund of part of the Administrative Fee.
☒ **Late Charge.** If a payment is late (more than 10 days after due) I will be charged 5.000% OF THE LATE AMOUNT

**Security.** I am giving a security interest in:
☐ the goods or property being purchased.
☐ collateral securing other loans with you may also secure this loan.
☒ (brief description of other property) 2004 DODGE NEON 4 D VIN - 1B3ES26C94D564324; 1985 CHEVROLET SUBURBAN VIN# 1G8EC16L5FF192245; 1996 VOYAGER BOAT # VOY10428J596 W/1996 HONDA MOTOR #BLAF1006964; SPA EQUIPMENT

Filing Fees. $_____
Non-filing Insurance. $_____
☐ **Required Deposit.** The annual percentage rate does not take into account my required deposit.
☒ **Assumption.** Someone buying the property securing this obligation cannot assume the remainder of the obligation on the original terms.
**Contract Documents.** I can see my contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

### Promissory Note

**Promise to Pay.** For value received, I promise to pay to you, or your order, at your address above, the principal sum of $ 22,542.89,
plus interest from 09-16-2005 at the rate of
10.900% per year until 03-31-2009.
Interest accrues on a ACTUAL/365 basis. I agree to pay late charges in accordance with the provisions shown in the Truth-in-Lending Disclosures. The purpose of this loan is RENEW # 760115,753685,752990.
**Payment.** I will pay this note as follows:

42 MONTHLY PAYMENTS OF $650.76 BEGINNING 10-31-2005.

### Itemization of Amount Financed

SEE ATTACHED AMOUNT FINANCED ITEMIZATION

**Post-Maturity Interest.** Interest will accrue after maturity on the unpaid balance of this note on the same basis as interest accrues before maturity, unless a specific post-maturity interest rate is agreed to in the next sentence.
☐ Interest will accrue at the rate of _____ % per year on the balance of this note not paid at maturity, including maturity by acceleration.
☐ **Administrative Fee.** I also agree to pay a nonrefundable fee of $_____, and it will be ☐ paid in cash. ☐ paid pro rata over the loan term.
☒ **Returned Payment Fee.** I agree to pay a service charge of $ 20.00 for each payment (check or automatic payment) returned unpaid.
☒ **Other Terms.**
UCC FILED ON EQUIMENT 12/05/2002
#03-0010023817

### Security Agreement

**Security.** To secure the obligations of this Loan Agreement, I give you a security interest in the Property described below:
2004 DODGE NEON 4 D VIN - 1B3ES26C94D564324; 1985 CHEVROLET SUBURBAN VIN# 1G8EC16L5FF192245;1995 VOYAGER BOAT VIN# VOY10428J596 W/1996 HONDA MOTOR # BLAF1006964; SPA EQUIPMENT LISTED ON EXHIBIT A

☒ **All Debts.** The Property will also serve as collateral for all present and future debts.
☐ **Other Security.** This Loan Agreement is secured by

**Authority to Perform.** I authorize you to do anything, except appear in a judicial proceeding, you deem reasonably necessary to protect the Property and your security interest in the Property. If I fail to perform any of my duties under this Loan Agreement, you are authorized, after providing me with any required notice and opportunity to perform, to perform the duties or cause them to be performed and add the costs of performance to the Secured Debts. These authorizations include, but are not limited to, permission to pay for the repair, maintenance, and preservation of the Property and taking any action to obtain or preserve the benefits and rights of the Property. Your authority to perform for me will not create an obligation to perform and your failure to perform will not preclude you from exercising any other rights under the law or this Security Agreement. If you come into actual or constructive possession of the Property, you will preserve and protect the Property to the extent required by law. Your duty of care with respect to the Property will be satisfied if you exercise reasonable care in the safekeeping of the Property or in the selection of a third party in possession of the Property.

---

**Third Party Agreement**

For the purposes of the provisions within this enclosure, *I*, *me* or *my* means the person signing below and *you* means the Lender identified in this Loan Agreement.

I agree to give you a security interest in the Property that is described in the Security Agreement section. I agree to the terms of this Loan Agreement, but I am in no way personally liable for payment of the debt. This means that if the Borrower defaults, my interest in the secured Property may be used to satisfy the Borrower's debt. I agree that you may, without releasing me or the Property from this Third Party Agreement and without notice or demand upon me, extend new credit to any Borrower, renew or change this Loan Agreement one or more times and for any term, or fail to perfect your security interest in, impair, or release any security (including guaranties) for the obligations of any Borrower.

I have received a completed copy of this Loan Agreement.

X _____

---

Attach FTC "Preservation of Consumer Claims and Defenses" Notice if Applicable.

---

**Insurance**

**Credit Insurance.** Credit life, credit accident and sickness (disability), and any other insurance coverage quoted below, are not required to obtain credit and you will not provide them unless I sign and agree to pay the additional premium. If I want such insurance, you will obtain it for me (if I qualify for coverage). You are quoting below ONLY the coverages I have chosen to purchase.

**Credit Life**    Premium $ _____
☐ Single ☐ Joint ☒ None    Term _____

**Credit Disability**    Premium $ _____
☐ Single ☐ Joint ☒ None    Term _____

_____    Premium $ _____
☐ Single ☐ Joint ☐ None    Term _____

**Signature.** My signature below means I want (only) the insurance coverage(s) quoted above. If "None" is checked, I have declined the coverage you offered.

X _____ DOB _____
X _____ DOB _____
X _____ DOB _____

**PROPERTY INSURANCE.** ☐ IS REQUIRED. ☒ IS NOT REQUIRED. I have the option of furnishing any insurance required in connection with this transaction either through existing policies I own or control, or, by procuring and furnishing insurance coverages equivalent to what you require from any insurance company authorized to do business in Texas. If I get the insurance from or through you, I will pay $ _____

for _____ of coverage.

☐ The premium quoted above for _____
_____ insurance is not fixed or approved by the State Board of Insurance.

---

**Federal Sale of Insurance Disclosure**

*Product* refers to any insurance product or annuity I purchase from you. With regard to any Product I purchase from you, the following apply.

- The Product is not a deposit account or other obligation of any depository institution or any affiliate of any depository institution.
- The Product is not guaranteed or insured by any depository institution or any affiliate of any depository institution.
- The Product is not insured by the Federal Deposit Insurance Corporation (FDIC).
- The Product, except in the case of Federal Flood Insurance or Federal Crop Insurance, is not insured by any federal government agency.
- ☐ If this box is checked, there is investment risk associated with the Product, including the possible loss of value.

By signing, I acknowledge that I have received a copy of this disclosure on today's date. Unless these disclosures are provided electronically or I have purchased the Product by mail, I also acknowledge that you have provided these disclosures to me orally.

X _____ Date _____
X _____ Date _____
X _____ Date _____

---

**Notice to Cosigner**

You (the cosigner) are being asked to guaranty this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You also may have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, etc. If this debt is ever in default, that fact may become part of *your* credit record.

This notice is not the contract that makes you liable for the debt.

---

**Signatures**

By signing, I agree to the terms contained in this Loan Agreement. I also acknowledge receipt of a copy of this Loan Agreement on today's date.

**Cosigners.** See Notice to Cosigner above before signing.

X _/s/ James Moore_____
JAMES MOORE

X _/s/ Robin Moore_____
ROBIN MOORE

X _____

(Optional)
Signed _____ For Lender
Title PRESIDENT

---